

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

*see V-685*

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable J. H. Kidd, Jr.
County Attorney
Kleberg County
Kingsville, Texas

Dear Sir:

Opinion No. O-3839
Re: Abolition of the office of
county superintendent in
counties of more than 3000
scholastic population.

We are in receipt of your letter of March 14, 1942, which reads
in part as follows:

"In Kleberg County, Texas, according to the last census
there were approximately 3600 scholastics within the county.
At the present time Kleberg County has a County School Super-
intendent, and the question has arisen as to whether or not,
under Article 2688 of the Revised Civil Statutes of the State
of Texas, an election can be held for the purpose of determining
whether or not the office of such superintendent should be
abolished.

"  . . . .

"The question has come up as to whether or not the Com-
missioners' court of Kleberg County upon petition of the
qualified voters, could call an election for the purpose of
determining whether or not the office of said County School
Superintendent can be abolished in this county."

Article V, Section 18 of the Constitution of this State gives
the commissioners' court the right to "exercise such powers and juris-
diction over all county business, as is conferred by the Constitution
and the laws of the State, or as may be hereafter prescribed." The
Constitution confers no power upon the commissioners' court to abolish
the office of county school superintendent when once that office is
established by the statutory law of this State.

In determining whether such power is conferred by the statutory
laws of this State, it is necessary to consider the provision of Article
2688, Revised Civil Statutes, 1925, as amended by Chapter 21, Acts,
Third Called Session, Forty-second Legislature. That statute reads:

"The Commissioners' Court of every county having three thousand (3,000) scholastic population or more as shown by preceding scholastic census, shall at a General Election provide for the election of a County Superintendent to serve for a term of four (4) years, who shall be a person of educational attainments, good moral character, and executive ability, and who shall be provided by the Commissioners' Court with an office in the courthouse, and with necessary office furniture and fixtures. He shall be the holder of a teacher's first grade certificate or teacher's permanent certificate. In every county that shall attain three thousand (3,000) scholastic population or more the Commissioners' Court shall appoint such Superintendent who shall perform the duties of such office until the election and qualification of his successor. In counties having less than three thousand (3,000) scholastic population whenever more than twenty-five per cent (25%) of the qualified voters of said county as shown by the vote for Governor at the preceding General Election shall petition the Commissioners' Court therefor, said Court shall order an election for said county to determine whether or not the office of County Superintendent shall be created in said county; and, if a majority of the qualified property taxpaying voters voting at said election shall vote for the creation of the office of County Superintendent in said county, the Commissioners' Court, at its next regular term after the holding of said election, shall create the office of County Superintendent, and name a County Superintendent who shall qualify under this Chapter and hold such office until the next General Election. Provided, that, in all counties having a population in excess of three hundred and fifty thousand (350,000) inhabitants according to the last available Federal Census the County Superintendent shall be appointed by the County Board of Education and shall hold office for two (2) years, provided further, that this provision shall not operate so as to deprive any elected Superintendent of his office prior to the expiration of the term for which he has been elected; provided, further that in counties having a scholastic population of between three thousand (3,000) and five thousand (5,000) scholastics, wherein the office of County Superintendent has not been created and a Superintendent elected, then in such counties the question of whether or not such office is established shall be determined by the qualified voters of said county in a special election called therefor by the Commissioners' Court of said county, upon petition therefor as hereinabove specified."

Examination of the statute discloses that detailed provisions are made for the creation of the office of County Superintendent, but at the same time no method is provided by the Legislature for the abolition of the office when once established. Further examination reveals

that the Legislature intended to create, by statute, the office of county superintendent in all counties which shall have attained three thousand (3,000) or more scholastic population as shown by the preceding census.

Thus, it is apparent that the office of county superintendent as set up in counties of more than three thousand (3,000) scholastic population, is strictly a creature of the Legislature, having been created by that body under the power conferred in Section 1, Article 11, Constitution of Texas; Section 1, Article 111, id. The courts have held that the power to create the office of county school superintendent is purely a legislative power. Stanfield v. State, 83 Tex. 317. The same authority, further holds that the power to abolish or discontinue that office is also a legislative power, and that in order for the people or the commissioners' court to exercise the power of abolishing or discontinuing that office, such action must be in pursuance of a law of the Legislature. Under our present statutes, the Legislature has failed to devise any method by which either the people or the commissioners' court may abolish that office; and, there being no constitutional delegation of such authority, it follows that neither the qualified voters nor the commissioners' court have the power to abolish or discontinue that office once it has been legally established. The law is well settled in this State that the Commissioners' court has no power except that specially conferred by the Constitution or statutes. Commissioners' Court v. Madison County, (Sup. Ct. 1929) 15 S. W. (2d) 535. See Miller v. Brown, 216 S. W. 452, T.C. A., 1919, R. S. 2750, 1911, where the court held that the statute forms the only basis for official action of the commissioners' court. Also, see Weaver v. Commissioners' Court of Nacogdoches County, 146 S. W. (2d) 170, (Com.App.) 1941, where the court held that the commissioners' court of that county was without authority to abolish the office of county auditor.

This conclusion, is sustained, we think, by reason of the fact that, at one time, our statutes provided that the commissioners' court of any county should have the power to abolish this office, when in their judgment it was deemed advisable. (Chapter 122, Section 37, Acts, Regular Session, Twenty-third Legislature, 1893). This same provision was incorporated in the Revised Civil Statutes of 1895, as Article 3930. Then, in 1905, the Legislature, in an act, "providing for a Complete System of Public Free Schools in Texas," repealed Article 3930, and provided that the office could be abolished by vote of the people of the county, (Section 36, Chapter 124, Acts, Regular Session, Twenty-ninth Legislature). In 1907, in amending Section 36, supra, the Legislature, omitted the provision allowing the abolition of the office by vote of the people. (Chapter 111, Acts, Regular Session, Thirtieth Legislature). Therefore, upon considering those statutes, together with our present statutes, it is reasonable to assume that in drawing our present statute the Legislature omitted all provisions for abolishing the office, with the express purpose of withdrawing any previous delegated authority to abolish that office, either by vote of the people or by the commissioners' court.

In an opinion written under a former administration, and dated February 21, 1934, we held that where the office of county school superintendent had been established in a county of less than three thousand (3,000) scholastic population, neither the commissioners' court nor the qualified voters had authority to abolish that office. If that opinion is correct, and we believe it is, then it follows that neither the commissioners' court nor the qualified voters of the county have authority to abolish that office, in counties exceeding three thousand (3,000) scholastic population. Conference Opinion No. 2942.

It is our opinion, therefore, that under the present laws and Constitution, the office of County superintendent when once legally established, cannot be discontinued or abolished, either upon an election by the qualified voters, or by the commissioners' court.

We are enclosing a copy of Conference Opinion No. 2942.

Trusting that the foregoing will fully answer your inquiry, we remain

　　　　　　　　　　　　　Yours very truly

　　　　　　　　　　　　ATTORNEY GENERAL OF TEXAS


　　　　　　　　　　By s/Walter R. Koch
　　　　　　　　　　　　　Walter R. Koch
　　　　　　　　　　　　　　Assistant

　　　　　　　　　　By s/James Moore
　　　　　　　　　　　　　James Moore

JM:db:wc

Enclosure

APPROVED APRIL 8, 1942　　s/ Grover Sellers FIRST ASSISTANT ATTORNEY GENERAL

Approved Opinion Committee By BWB Chairman